```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
UNITED STATES OF AMERICA,

                    Petitioner,
                                          MEMORANDUM AND ORDER
                                          15-CR-0652(JS)
          -against-

EDGARDO RODRIGUEZ,

                    Respondent.
--------------------------------------X
APPEARANCES
For Petitioner:      Edgardo Rodriguez, Pro Se
                     #86321-053
                     FCI Allenwood Medium
                     P.O. Box 2000
                     White Deer, Pennsylvania 17887

For Respondent:      Lara Treinis Gatz, Esq.
                     United States Attorney's Office
                     Eastern District of New York
                     610 Federal Plaza
                     Central Islip, New York 11722
```

SEYBERT, District Judge:

Presently before the Court is the motion to vacate, set aside, or correct the sentence of Edgardo Rodriguez ("Petitioner") made pursuant to 28 U.S.C. § 2255 (hereafter, the "Petitioner") (see ECF No. 28), together with his motion to amend the Petition (hereafter, "Motion to Amend") (see ECF No. 35). The Government opposes both the Petition and the Motion to Amend. (See Petition Opp'n, ECF No. 33; Amend Opp'n, ECF No. 37; see also Subsequent

Letter Opp'n, ECF No. 41.) For the reasons that follow, the Petition and Motion to Amend are DENIED as moot.

BACKGROUND

I.  Relevant Factual Background

In this Court, Petitioner pled guilty to Count One, Hobbs Act Robbery Conspiracy, in violation of 21 U.S.C. §§ 1951(a), pursuant to a Plea Agreement with the Government. (See Indictment, ECF No. 1; Min. Entry, ECF No. 18.) Following his guilty plea, Judge Leonard D. Wexler[1] sentenced Petitioner to a term of seventy-two (72) months of imprisonment, followed by three (3) years of supervised release. (See Judgment, ECF No. 26.) At sentencing, Judge Wexler recommended to the Bureau of Prisons ("BOP") that it credit Petitioner's time served in Rikers Island[2] towards his 72-month term of imprisonment. Id.

---

[1] This matter was reassigned to the undersigned on November 16, 2018.

[2] On September 3, 2013, Petitioner was arrested by the New York Police Department and charged with Robbery in the First Degree. (See Petition Opp'n at 1.) On September 30, 2015, Petitioner pled guilty to attempted Robbery in the Second Degree and, thereafter, on December 30, 2015, was sentenced to two years of imprisonment. (See id.) On the same day he was sentenced, a federal indictment was brought against Petitioner, charging him with Hobbs Act Robbery Conspiracy; he was brought to federal court via writ on January 7, 2016, and was arraigned on the charge. (Indictment, Min. Entry, ECF No. 3.)

II. <u>Relevant Procedural History</u>

On November 8, 2018, Petitioner filed his <u>pro se</u> Petition, arguing that he should have received credit on his federal sentence for the time he served in state custody on his state conviction. (Petition at 5.) On July 15, 2019, the Government opposed the Petition, asserting that the BOP made a determination that Petitioner's state time did not count towards his federal sentence. (<u>See</u> Petition Opp'n.)

On July 31, 2019, Petitioner filed his Motion to Amend, which sought the same relief he requested in his Petition, <u>i.e.</u>, that his state time be credited towards his federal sentence and, therefore, be immediately released. (Motion to Amend at 2.) Again, the Government opposed Petitioner's request. (<u>See</u> Amend Opp'n.) Then, in a subsequent filing, the Government provided the Court with pertinent updated information:

> [O]n 1/29/21, the defendant was released from BOP custody, more than two years earlier than the BOP initially calculated at 12/12/23, as the BOP recalculated the amount of credit to which the defendant was entitled. Currently, the defendant is at liberty and remains on supervised release in the EDNY.

(Subsequent Letter Opp'n at 2.) Therefore, it took the position that "the issue resolved itself with an internal correction by BOP," and argued "because the defendant was released from custody 8 months ago," the Petition and Motion to Amend "should be denied as moot." (<u>Id.</u>)

3

DISCUSSION

The Court agrees that given Petitioner's January 29, 2021 release from BOP custody -- the exact relief Petitioner sought -- his Petition and Motion to Amend are moot. Moreover, the Court notes that in each of his filings, Petitioner does not challenge the validity of his conviction, but only the calculation of his sentence regarding receiving credit for his time in state custody. Thus, the collateral consequences doctrine does not apply here. See United States v. Mercurris, 192 F.3d 290, 293 (2d Cir.1999) ("In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998))). While a habeas petition does not automatically become moot once a petitioner is released from prison, where the petitioner challenges only his sentence and not the underlying conviction itself, a court does not presume the existence of collateral consequences. Mercurris, at 293-94; see also United States v. Hamdi, 432 F.3d 115, 118 (2d Cir. 2005) (finding that a petitioner's sole challenge to the length of his completed sentence will only satisfy the constitutional case or controversy requirement if the petitioner can demonstrate "some concrete and identifiable collateral effect of that sentence"). Hence, now that Petitioner has been released from custody, and he has not shown some concrete and identifiable

4

collateral effect of his sentence, no injury is presently before the Court upon which it can provide redress.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

A. that the Petition (ECF No. 28) and Motion to Amend (ECF No. 35) are DENIED as moot;

B. because there can be no debate among reasonable jurists that Petitioner was not entitled to habeas relief, the Court does not issue a Certificate of Appealability. See 28 U.S.C. § 2253(c); see also Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005); and

C. the Clerk of Court is directed to:

1. close the corresponding civil case, No. 18-CV-6547; and

2. mail a copy of this Memorandum and Order to the pro se Petitioner[3] and mark this matter CLOSED.

**SO ORDERED.**

   /s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March 24, 2022
         Central Islip, New York

---

[3]  The Court notes that since Petitioner has been released from custody and has not updated his address of record, it is likely that mail sent to Petitioner's last known address will be returned. However, this Order is posted to the Court's Electronic Case Filing system, which may be viewed there.

5